IT IS HEREBY ORDERED
AS DESCRIBED BELOW.

DATED: September 01, 2011



*Honorable James E. Shapiro*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT    EASTERN DISTRICT OF WISCONSIN

In the Matter of:

**MAYVILLE DIE & TOOL, INC.,**    Case No. 11-33128-jes

Debtor.

**ORDER APPROVING, BUT NOT DIRECTING DEBTOR TO: (1) PAY PRE-PETITION EMPLOYEE WAGES; (2) PAY OUTSTANDING PAYCHECKS; (3) MAKE PAYMENTS FOR WHICH PAYROLL DEDUCTIONS WERE MADE; (4) MAKE PAYMENTS OF AMOUNTS WITHHELD FOR TAXES; (5) PAY ALL TAXES AND COSTS INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS; AND (6) FOR ALLOWANCE OF EMPLOYEES' POST-PETITION USE OF PRE-PETITION VACATION TIME**

The Motion of the Debtor, Mayville Die & Tool, Inc. by its attorneys, Jane F. (Ginger) Zimmerman, Rebecca R. DeMarb, and Erin A. West of Murphy Desmond S.C., requesting approval to: (1) pay certain pre-petition employee wages, salaries and other benefits; (2) pay outstanding paychecks; (3) make certain payments for which employee payroll deductions were made; (4) make payments of amounts withheld for taxes; (5) pay all

Jane F. (Ginger) Zimmerman
jzimmerman@murpydesmond.com
Rebecca R. DeMarb
rdemarb@murphydesmond.com
Erin A. West
ewest@murphydesmond.com
Murphy Desmond S.C.
33 East Main Street 5th Floor
P.O. Box 2038
Madison, WI 53701-2038
Phone 608-257-7181
Facsimile 608-257-4333

26010.118056-3rrd/eaw/jfz-220811cjm/srs/kka
wage order

withholding taxes and employer taxes and costs incident to the foregoing payment (including payroll related taxes and processing costs); and (6) allowing post-petition use of pre-petition earned vacation time, if any, having been heard; it appearing that notice of said Motion was given to all appropriate parties in interest as determined by the Court; Hometown Bank having objected to such Motion at the hearing on August 30, 2011, and it appearing that approval of the Motion is a necessary and practical matter in this case, to the extent it is limited to the amount of priority allowed under 11 U.S.C. § 507(a)(4)(A) for such claims, and that no bonuses earned pre-petition but not paid are paid,

**IT IS ORDERED** that the use of funds from cash collateral to: (1) pay certain pre-petition employee wages, salaries and other benefits as set forth in the Motion; (2) pay outstanding paychecks; (3) make certain payments for which employee payroll deductions were made in the ordinary course of business including, for example, child support and garnishments; (4) make payments of amounts withheld for taxes; (5) pay all withholding taxes and employer taxes and costs incident to the foregoing payment (including payroll related taxes and processing costs); and (6) allowing employees to use priority vacation time as sought in the Motion, all to the extent it is limited to the amount of priority allowed under 11 U.S.C. § 507(a)(4)(A) for such claims, be and hereby is approved.

**IT IS FURTHER ORDERED** that this Order is effective immediately notwithstanding any stay imposed under Fed. R. Bankr. P. 6003(a) and 6004(h).

###